STATE, ex rel. NEVINS, Petitioner, v. ECKLE, Warden, Respondent.

Ohio Appeals, Second District, Madison County.

No. 200. Decided November 8, 1955.

Cecile J. Shapiro, Columbus, for petitioner.
Hon. C. William O'Neill, Atty. Genl., Roger B. Turrell, Asst. Atty. Genl., Columbus, for respondent.

## OPINION

By MILLER, PJ.

This is an action in habeas corpus wherein the petitioner alleges that he is being unlawfully restrained of his liberty in the London Prison Farm by the respondent herein, who is Warden of said institution.

The record reveals that the petitioner was indicted by the Franklin County grand jury at the January Term, 1939 for the offense of defrauding an innkeeper; that on January 25, 1939, he was sentenced to the Ohio Penitentiary and ordered to stand committed until discharged according to law; that he was received in said institution on January 28, 1939, where he remained until November 22, 1939, when he was transferred to the London Prison Farm; that on February 15, 1940 he was released on parole and on April 4, 1941, he was declared to be a parole violator; that on July 30, 1941, he was being held in Atlanta, Georgia, pursuant to a warrant filed by the State of Ohio; that on said date he was released upon receipt of the following letter from the Division of Probation and Parole:

"Mr. J. M. Mount
"Chief Deputy Sheriff
"Sheriff's Office, Fulton County
"Atlanta, Georgia

Re: A. J. Nevins
No. 75063-8039 LPF

"Dear Sir:
"I have your letter of July 25, 1941 in regard to the above named subject and wish to state that since writing you we find that our funds for returning parole violators are at a very low ebb at this time, and even

though he was to be apprehended and held for us, we would not be able to send for him just now.

"We, therefore, feel it would be best to give you this information and to ask you not to apprehend him at this time. We feel that since subject has relatives here in Ohio that eventually he will be coming back this way.

"Thanking you for your very fine cooperation and assuring you of ours at all times, I am

Very truly yours,
DIVISION OF PROBATION AND PAROLE
(Signed)  William K. Mackey, Chief."

It appears further that on November 13, 1941, the petitioner was restored to parole while still at large; that on May 21, 1954, he was again declared to be a parole violator and returned to the London Prison Farm on April 28, 1955.

The question presented is whether the petitioner has served the maximum term of five years in accordance with the provisions of §13131 GC. The answer to the same appears to depend on whether the prisoner's time began to run again when he was arrested in Atlanta, Georgia, on July 30, 1941, and if so, he was entitled to credit for time served until he was again declared a parole violator on May 21, 1954. It is apparent that if he is entitled to this credit he has served more than the maximum term of five years and would therefore be entitled to a discharge. The law controlling this factual situation is found in §2209-20 GC (now §2965.21 R. C.), which became effective on May 3, 1939 and was re-enacted on November 1, 1953. The pertinent part of this section provides:

"* * * In the case of an escaped prisoner, or a convict, prisoner or other person who has been declared a violator, the time from the date of his escape or of the declared violation of his pardon or parole to the date of his arrest or return shall not be counted as a part of time or sentence served."

It will be noted that under this section the prisoner is not entitled to credit for time served from the day he was declared to be a parole violator, to wit, April 4, 1941, to the time of his arrest for being a parole violator in Atlanta, Georgia, on July 30, 1941. We are of the opinion that under the statute his time began to run again on the latter date.

In the case of **Weber v. Alvis, Warden,** 89 **Oh Ap** 533, this Court held that the time did not run from the date of the declared violation of parole until the return of the prisoner, but this case was decided upon a prior statute, §2211-9 GC, which provided,

"In the case of an escaped prisoner or a prisoner who has been declared a parole violator, the time from the date of his escape or his declared violation of parole or pardon to the date of his return shall not be counted as a part of the time or sentence served." (Emphasis ours.)

It will be observed that in this section no mention is made concerning the date of arrest upon the violation charge as is found in §2965.21 R. C. The petitioner has cited the case of Colin v. Bannon, 337 Mich. 491, 60 N. W. 2d, 491, which supports our conclusion but the facts differed

in that in the cited case there was no statute involved similar to §2209-20 GC.

It is our conclusion that the petitioner has served the maximum sentence under §13131 GC and should be discharged. The writ is allowed.

HORNBECK, J, concurs.
WISEMAN, J, not participating.